1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO LOPEZ-GERARDA,<br><br>                    Movant-Defendant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent-Plaintiff. | Civ. Case No. 13cv400 BTM<br>Crim. Case No. 11cr4360 BTM<br><br>**ORDER DENYING DEFENDANT'S § 2255 MOTION FOR SENTENCE REDUCTION AND DENYING CERTIFICATE OF APPEALABILITY** |

Defendant Gerardo Lopez-Gerarda has filed a motion to reduce his sentence under 28 U.S.C. § 2255. For the reasons discussed below, the Court **DENIES** Defendant's motion for sentence reduction and **DENIES** a certificate of appealability.

## I. BACKGROUND

On October 18, 2011, pursuant to a Plea Agreement, Defendant pled guilty to violating 8 U.S.C. § 1326 for being a deported alien found in the United States without approval after previously having been deported and removed from the United States to Mexico. In an order dated December 5, 2011, the Court accepted Defendant's guilty plea. Thereafter, on June 8, 2012, Defendant was sentenced to a 46-month term of imprisonment and 3 years of supervised release. Judgment was entered against Defendant on June 12, 2012.

# II. **DISCUSSION**

Defendant makes the following arguments in his motion for sentence reduction: (1) the United States Attorney General can offer up to a two-point downward departure if the Defendant accepts a final deportation order; and (2) the court should grant a downward departure because his deportable alien status prohibits him from residing in a minimum security facility. As discussed below, Defendant has waived his right to appeal and/or collaterally attack his conviction, and thus his motion is **DENIED**.

A. Waiver of Appeal

A prisoner sentenced by the court may move to have his or her sentence vacated or corrected on the grounds that the sentence was in violation of the laws or Constitution of the United States. 28 U.S.C. § 2255(a). However, a waiver of a statutory right is enforceable if it is made both knowingly and voluntarily. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

The Plea Agreement states that Defendant, with the advice and consent of his counsel, "has a clear understanding of the charges and the consequences of his plea." (Plea Agreement § VI, ECF No. 14.) Furthermore, the Plea Agreement provides that "defendant *waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence*, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." (Plea Agreement § XI) (emphasis added).

As stipulated in the Plea Agreement, Defendant is barred from arguing for a reduction in his sentence. Defendant, with the advice and consent of his attorney, voluntarily consented to the discretion of the sentencing judge. (Plea Agreement § IX.) In the Plea Agreement, the parties agreed on a base offense level of 8, an adjustment of either 2 or 3 points for acceptance of responsibility, and a 4-point departure for fast-

13cv400 BTM

track.  (Plea Agreement § X, ¶ A.)  The parties agreed that the applicability of any Specific Offense Characteristics would be argued at the sentencing hearing.  (Plea Agreement § X, ¶ A, n.4.)

At the sentencing hearing, the Court followed the Government's recommendation of an additional 16-point increase pursuant to Specific Offense Characteristics, specifically previous deportation after a felony conviction for possession of a controlled substance for sale, resulting in an adjusted offense level of 24.  (See Sentencing Summary Chart, ECF No. 25.)  After applying the 3-point adjustment for acceptance of responsibility and 4-point departure for fast-track, and given a criminal history category of V, the Government recommended a sentence of 46 months imprisonment– the low end of the guideline range of 46-57 months.  (Id.)  On June 8, 2012, Defendant was sentenced to 46 months imprisonment and 3 years of supervised release.  (ECF No. 28.)

Defendant does not argue that his attorney was ineffective.  Rather, Defendant seeks relief on the grounds that he should get a further reduction for agreeing to deportation and that his Equal Protection and Due Process rights are being violated. During the sentencing hearing, the Court confirmed that Defendant was waiving his right to appeal or collaterally attack his sentence.  (See Docket Entry No. 27.)  "[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made."  United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991) (citing United States v. Navarro-Botello, 912 F.3d 318, 320 (9th Cir. 1990)).  Because the Defendant is not challenging his sentence on the grounds of ineffective assistance of counsel, and because the Court sentenced Defendant pursuant to the low end of the guideline range recommended by the Government pursuant to the Plea Agreement, Defendant is barred by the Plea Agreement from making a section 2255 motion to vacate or correct his sentence.

//

//

13cv400 BTM

B. <u>Merits of Claims</u>

Assuming Defendant was not barred from bringing his motion for sentence reduction, Defendant's claims lack merit.  Defendant first argues that the Attorney General can offer a 2-point departure should he accept a final deportation order. However, as part of his consideration for the fast-track departure agreement, Defendant agreed to an order of removal from the United States.  (Plea Agreement § X, ¶ H.) He has already received a reduction for stipulating to removal, and is entitled to nothing more.

Defendant next contends that his Constitutional rights have been violated because his deportable alien status makes him ineligible to qualify for a one-year sentence reduction through a drug treatment program in a minimum security facility. This argument has been repeatedly rejected by this Court.  <u>See e.g.</u>, <u>United States v. Rodriguez-Tovar</u>, 2013 WL 101078 (S.D. Cal. Jan. 7, 2013); <u>Cabanillas-Garcia v. United States</u>, 2012 WL 5928154 (S.D. Cal. Nov. 26, 2012).  <u>See also</u> <u>McLean v. Crabtree</u>, 173 F.3d 1176 (9th Cir. 1999) (noting that the practice of excluding prisoners with Immigration and Naturalization detainers from community-based treatment programs was not a violation of their constitutional rights). Therefore, had Defendant's motion been allowed by the Plea Agreement, it would be denied because the claims lack merit.

### III.  CONCLUSION

For the reasons discussed above, Defendant's motion for sentence reduction pursuant to 28 U.S.C. § 2255 is **DENIED**.  Further, the Court **DENIES** a certificate of appealability.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: July 15, 2013

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge